Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4120 and 05 C 5164 | **DATE** | 10/20/2010 |
| **CASE TITLE** | Trading Technologies International, Inc. vs. GL Consultants, Inc. et al and Trading Technologies International, Inc. vs. FuturePath Trading LLC | | |

**DOCKET ENTRY TEXT**

STATUS AND MOTION HEARING HELD. For the reasons stated on the record, the Court, and as summarized below: (1) denies plaintiff's motion for jurisdictional discovery (doc. # 300 in 05 C 4120) as moot; (2) grants plaintiff's motion to file an opposition in excess of 15 pages (doc. # 303 in 05 C 4120); (3) denies without prejudice as moot plaintiff's motion to compel production of documents and things and responses to interrogatories (doc. # 298 in 05 C 4120 and doc. # 173 in 05 C 5164); (4) sets a briefing schedule on the motion for protective order modification (doc. # 284 in 05 C 4120); (5) by separate order, establishes a procedure that the parties must follow for filing motions relating to discovery; and (6) sets a discovery schedule. The matter is set for a status hearing with the magistrate judge on 12/01/10 at 10:00 a.m. By the close of business on 11/24/10, the parties shall submit a joint agenda of matters they wish to address at the status hearing.

■[ For further details see text below.]

Notices mailed by Judicial staff.

01:10

## STATEMENT

1.      We deny the motion for jurisdictional discovery as moot, in light of the representation of counsel for the relevant GL parties that they plan to withdraw the motion to dismiss for lack of personal jurisdiction that is presently pending before Judge Gottschall in 05 C 4120 (*see* doc. # 265), as they have done in the 10 C 716 case pending before Judge Pallmeyer (doc. # 78).

2.      We deny without prejudice the motion to compel production of documents and things, and responses to interrogatories (doc. # 298 in 05 C 4120 and doc. # 173 in 05 C 5164), and direct the parties to use the procedures for filing discovery motions that the Court has put into place today. Solely for purposes of the dispute raised in this motion to compel, we will modify the procedures as follows: (a) the parties are not required to exchange letters concerning their dispute; (b) the parties shall meet and confer concerning the dispute by 10/27/2010; (c) the parties shall prepare a joint statement of their meet and confer by 11/01/2010; and (d) any motion to compel shall be filed by 11/08/10. The meet and confer, the joint statement, and any motion shall comply with all other aspects of the procedures.

3.      With respect to the pending motion for protective order amendment (doc. # 284 in 05 C 4120), defendants shall file their reply memorandum by 11/03/10. The reply shall not exceed 15 pages, double spaced and with 12-point font. The reply need not address law of the case or whether "exceptional circumstances" are needed to amend the protective order, and need not address matters raised in the motion to disqualify counsel that is pending before Judge Pallmeyer in 10 C 716 (doc. # 73) and that is noticed for presentment before Judge Gottschall in 05 C 4120 (doc. # 293). Once the motion is fully briefed, the Court will rule by mail unless it advises the parties that there will be oral argument.

| STATEMENT |
|---|

4. The Court sets the following schedule for discovery in 05 C 4120 and 05 C 5164:

- A, 12/17/2010: Deadline for parties to seek additional claim construction hearing.

- B. 01/14/2011: Deadline for amendment of pleadings.

- C. 02/25/2011: Deadline for defendants to state whether they will assert advice of counsel as a defense to the claim of willful infringement, and if they assert advice of counsel, to produce documents relevant to that assertion.

- D. 04/29/2011: Deadline for completion of all non-retained expert fact discovery. As explained on the record, discovery shall address issues of alleged infringement and damages, and each party may pursue deposition discovery -- but not document discovery -- as to the following alleged items of prior art: NYSE, SWX, AMEX Option Display, '999 patent and ePit, Wit Capital Digital Stock Marketing System, Osaka, '501 and '031 patents, DTB (Xetra Platform), CME (Globex 1 and 2), Intex and OM (Click Trade). Each side is limited to no more than a total of 20 depositions with respect to these alleged items of prior art. This limitation does not preclude additional depositions on infringement and damages. The Court overrules defendants' request for further discovery on other alleged items of prior art, and for further discovery on double patenting, invalidity under Section 112, and unenforceability due to alleged fraud and/or inequitable conduct before the PTO.

- E. 05/27/2011: Deadline to serve expert disclosures and Rule 26(a)(2) reports on any issue on which a party has the burden of proof.

- F. 06/24/2011: Deadline to serve rebuttal expert disclosures and Rule 26(a)(2) reports.

- G. 07/22/2011: Deadline to complete retained expert depositions.