UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GL CONSULTANTS, INC., *et al.*, <br><br> Defendants. | Nos. 05 C 4120, 05 C 5164 <br><br> Magistrate Judge Sidney I. Schenkier |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FUTUREPATH TRADING, LLC, <br><br> Defendant. | |

**MEMORANDUM OPINION AND ORDER**

By a Memorandum Opinion and Order dated July 17, 2013, we ruled on portions of the parties' respective discovery motions (doc. ## 1230 and 1237) that are based on their Twenty Sixth Joint Statement (Doc. # 1210). We decided Parts B through D of plaintiff's motion, and Parts A, B and G of defendants' motion. We now rule on the remaining portion of plaintiff's motion (Part A), and three of the four remaining portions of defendants' motions (Parts D through F). The only remaining request is Part C of defendants' motion, which we will consider at the August 5, 2013 hearing.

## I. TT's Requests.

**A. TT's Request for Supplementation of GL Products (JS 8-11).** By an order dated February 8, 2011, the Court granted plaintiff's motion to compel production, among other things, of certain information concerning the accused product Quicktrade: such as, operable samples, source code, operation documents, and design and development documents (doc. # 390: 02/08/11 Order (granting motion to compel (doc. # 377, ¶¶ 1-2, 8) as to that information)). Production of that information was made during the period that discovery was open in 2011.

Thereafter, on March 8, 2013, defendants supplemented their responses to interrogatories (JS, PX 31). In that supplementation, GL identified 18 versions of Quicktrade that were released during the period from December 9, 2011 through February 8, 2013. Defendants have not provided the foregoing information for those more recently identified versions of Quicktrade. Plaintiff now requests that GL be required to provide that information (JS at 8). GL does not assert in the Joint Statement that the request is untimely – although GL did make that assertion when it first responded to plaintiff's request (*see* JS, JX 22). GL wisely has abandoned that objection, as plaintiff made the request for this supplementation on April 9, 2013, just one month after GL served the supplemental interrogatory response identifying the 18 newer versions.

Rather, GL now argues that it should not have to provide this information because the new versions do not contain any changes to Quicktrade that "are material to the accuracy or completeness of their discovery responses" (JS at 11). We note that plaintiff offered to forego its request for supplementation if GL would provide a verified statement that "the relevant product functionality of Quicktrade (e.g., time-based recentering) has remained the same since the last version provided to TT" (JS at 9), but GL rejected that proposal. We agree with GL that plaintiff is not entitled to compel such a statement (JS at 10). However, in the absence of such a

statement, plaintiff is entitled to obtain the requested information about the newer versions in order to assess for itself the significance of any changes to the product.

We therefore grant plaintiff's request that GL produce, for the 18 versions of Quicktrade identified in the supplemental discovery response served on March 8, 2013 (PX 31, Int. No. 4, at 125), the materials required by this Court's order dated February 8, 2013. At the August 5, 2013 hearing, the Court will set a deadline for that production based on any agreements the parties have reached, or in the absence of agreement, on the competing proposals provided by the parties.

## II. Defendants' Requests.

**D. TT's Responses to Defendants' Interrogatories (JS 78-83).** On March 8, 2013 plaintiff served supplemental interrogatory responses (JS, DX 89-90). Those responses provided further information concerning plaintiff's earlier responses to Interrogatories Nos. 2, 4, 10, 12, 15, 16, 21 and 22. Plaintiff did not supplement Interrogatories Nos. 1, 3, 5-9, 11, 13-14 and 17-20. Defendants argue that the supplements that plaintiff provided are inadequate, and the interrogatories that plaintiff did not supplement should be supplemented.

Defendants' motion does not come close to complying with the three-page limit set by the Court for the briefing by each party on specific requests. While the defendants' portion of the Joint Statement is three pages, it provides little detail as to the basis for its requests and instead incorporates by reference two letters, totaling 13 single-spaced pages, which set forth the position on each request (JX 51, 53). Plaintiff's responses to those letters (DX 52, 54) cover more than 12 single-spaced pages. These letters are not exhibits that are offered to document points asserted and developed in the Joint Statement. Rather, taken together, those four letters effectively constitute 50 pages of double spaced briefing – all in addition to the six pages of

argument contained in the Joint Statement. This is not what the Court authorized when it set the page limit for briefing any remaining disputes, and defendants did not request that the Court relax the page limit that was set. Moreover, in reviewing the letters, we conclude that the excessive length is the result of defendants taking a kitchen-sink approach to this dispute concerning supplementation. We will not countenance that approach, and we therefore deny this request.

However, we note that plaintiff has failed to verify the March 8, 2013 supplemental interrogatory responses, or a further supplementation served on May 17, 2013. Plaintiff claims that failure is due to an "administrative oversight," which plaintiff would "remedy shortly" (JS at 83 n.64). We find it difficult to understand how such a basic requirement of Rule of Civil Procedure 33 as the verification of interrogatory responses could be overlooked not once but twice (JS, DX 89-90) or why those oversights that occurred with responses served on March 8 and May 17, 2013 were not corrected by the time the parties filed the Joint Statement June 21, 2013. If plaintiff has not already done so, we order plaintiff to provide verifications for those supplemental interrogatory responses by August 12, 2013.

**E. TT's Alleged Conception, Development and Reduction to Practice of the Invention Allegedly Claimed in the Patents in Suit (JS 84-89).** In this request, defendants seek information on these designated subjects as well as a deposition of Alan Harney. Defendants have not persuaded the Court that the searches conducted by plaintiff are inadequate. In addition, we find that the criticisms defendants advance of the discovery that plaintiff has provided are largely ones that defendants could have raised long ago. The Court also is not persuaded that there is good cause to order the deposition of Mr. Harney. The Court already has denied defendants' request to take his deposition, during a hearing on January 18, 2012, and

defendants have failed to offer any evidence or argument sufficient to show that this denial should be revisited. These requests are denied.

**F. Harris Brumfield, The Partnership, TTBD, Exchange Connectivity, and Communications Regarding the Patents-in-Suit (JS 90-95).** In this portion of the Joint Statement, defendants make an omnibus request for a variety of information.

*First*, defendants ask that plaintiff be required to supplement its production of information concerning plaintiff's dealings with Harris Brumfield and The Partnership entity by providing various categories of information (JS at 90 and JX 59). The basis for this request is defendants' claim that they question the thoroughness of plaintiff's search. Plaintiff protests that its search was reasonable (JS 93 and JX 60). Upon our review of the submissions, we find that defendants have failed to establish their claim that the search previously conducted was unreasonable.

*Second*, defendants claim that they have not received all relevant documents concerning TTBD, in particular, royalty reports and underlying financial data involving TTBD (apart from the cumulative information contained in plaintiff's annual reports (JS 91 and JX 67). Plaintiff responds that it previously had provided TTBD's financial information for the period through 2011, and on May 17, 2013, updated that information to the present (JS 94 and JX 68, PX 4). Plaintiff says that the information provided include "TTBD's general ledgers, balance sheets, cash reports, trial balances, and invoices, which include royalties received by TTBD" (JS at 94). Defendants have failed to establish their contention that more should have been, or now should be, produced.

*Third*, defendants say that plaintiff has failed to produce responsive documents concerning Exchange Connectivity (JS 91 and JX 63). Defendants base this argument on the low

number of documents produced despite Exchange Connectivity having been formed in May 1997 (JS at 91 and JX1 at 5-6), and the fact that some of the documents produced allegedly identify other documents that have not been produced (JX 1 at 5-6). However, the existence of an entity does not automatically mean that there are reams of documents concerning the entity. And, defendants have failed to provide any detail about the instances where they say a document that has been produced references another document that has not been produced; thus, we have no idea how often that has occurred or, when it has occurred, how significant the omission has been. For its part, plaintiff says it has conducted multiple, reasonable searches; has produced responsive documents; and is not aware of additional responsive documents that have not been produced (JS at 95). Defendants' arguments are insufficient to cause us to question that representation.[1]

*Fourth*, defendants claim that plaintiff has failed to produce all communications regarding the patents-in-suit (JS at 92 and JX 65). On this point, defendants focus on two alleged deficiencies: communications with Lynne Marek of Crain's Chicago Business and plaintiff's open letter to the Futures Industry (JS at 92). In response, plaintiff says that it has searched for responsive documents and (1) has found no documents relating to Ms. Marek, and (2) has in fact produced documents relating to the open letter, including the letter itself and "internal and external communications, including communications between Mr. Brumfield and third parties, regarding the open letter" (JS at 95). Defendants have failed to show that plaintiff's assertions are incorrect.

However, there remains one aspect of this particular request that warrants further discussion. Defendants say that in a supplemental production, plaintiff served documents

---

[1] Defendants' argument that plaintiff "states it cannot identify Exchange Connectivity's documents" (JS at 91) is incorrect. Plaintiff has said that the Exchange Connectivity documents are not separately stored from plaintiff's documents.

6

concerning communications between plaintiff and Mike Donahue, but that those communications were produced in an unusable form: they comprise "thousands of pages of single page .tif images, which are not aggregated as documents, show no document boundaries, and are not searchable" (JS at 92). Plaintiff acknowledged that it produced the communications between plaintiff and Mr. Donahue (JS at 95), but failed to address defendants' complaint about the form of production.

We therefore order plaintiff to re-tender the Donahue communications as they are kept in the ordinary course of business by August 19, 2013. In all other respects, the requests by defendants in Subpart F of their motion to compel are denied.

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

DATED: August 5, 2013